IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LEVON ALLS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAPTAIN JACKSON**, **in her individual** )<br>**and official capacity,** )<br>)<br>**Defendant.** )<br>) | CIVIL ACTION NO. 5:25-CV-461 (MTT) |

## ORDER

The plaintiff, Levon Alls, is proceeding *in forma pauperis* ("IFP"). ECF 2. Accordingly, the Court must screen and dismiss his complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff*." In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

Alls is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

The plaintiff claims the defendant violated the Eighth Amendment by acting with deliberate indifference to conditions of confinement at Jackson State Diagnostics Prison that posed a substantial risk of serious harm. ECF 1-1. "An Eighth Amendment challenge to the conditions of confinement has two components: one objective and the other subjective." *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020). To satisfy the objective component, the plaintiff must show "an objectively intolerable risk of harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 846 (1994)). That is, the plaintiff "must show that the challenged conditions were extreme and presented an unreasonable risk of serious damage to his future health or safety." *Id.* (citation modified). To satisfy the subjective component, "the prisoner must show that the prison official acted with deliberate indifference." *Id.* at 1088–89. That is, the plaintiff must show a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Id.* at 1089. Importantly, a plaintiff must show "'more than a generalized awareness of risk.'" *Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) (quoting *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1101 (11th Cir. 2014)). "To establish deliberate indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'" *Id.* (quoting *Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1322 (11th Cir. 2005)).

"[C]onfinement in a prison where violence and terror reign is actionable" under the Eighth Amendment. *Id.* (citation modified).

The plaintiff's pro se complaint sufficiently pleads an Eighth Amendment deliberate indifference claim to survive the Court's frivolity review. The complaint alleges Cell House F at Jackson State Diagnostics Prison had a problem with "excessive knives and gang-related activity." ECF 1-1 ¶¶ 4, 6. It also alleges the plaintiff feared for his safety and brought his concern that he was in "immediate danger" to the defendant. *Id.* ¶¶ 6, 7. But rather than addressing the plaintiff's concerns, the complaint alleges the defendant told the plaintiff he could either fight the inmates in Cell House F or fight the defendant. *Id.* ¶ 8. Two days after the plaintiff returned to Cell House F, gang members attacked the plaintiff, punching him, stabbing him, and hitting him across the head with metal pipes. *Id.* ¶ 12, 15. The plaintiff sustained injuries, including a punctured and collapsed lung. *Id.* ¶ 15. Construing the plaintiff's pro-se complaint liberally, the plaintiff alleges facts sufficient to state an Eighth Amendment claim that survives the Court's frivolity review.

Accordingly, it is **ORDERED** that service be made on the defendant, Captain Jackson, by the United States Marshal Service. The plaintiff is advised that he must serve upon opposing counsel (or the defendant if the defendant is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). The plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the

defendant or the defendant's counsel. The Clerk of Court will not serve or forward to the defendant or the defendant's counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The plaintiff is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff is required to keep the Clerk of Court advised of his current address during the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 12th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT