**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **LEVON ALLS,** )<br><br>**Plaintiff,** )<br><br>**v.** )<br><br>**CAPTAIN JACKSON**, **in her individual** )<br>**and official capacity,** *et al*. )<br><br>**Defendants.** ) | **CIVIL ACTION NO. 5:25-cv-461 (MTT)** |

## ORDER

The plaintiff, Levon Alls, is proceeding *in forma pauperis* ("IFP"). ECF 2. The Court conducted a frivolity review of Alls' initial complaint and ordered service on Defendant Captain Jackson. ECF 8. But within twenty-one days, Alls amended his complaint, adding additional parties and claims. ECF 10. Because Alls is proceeding IFP, the Court must screen and dismiss his complaint: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v.*

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

*Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Alls is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

## I.   BACKGROUND

Alls' complaint alleges the following facts. Alls was an inmate in the custody of the Georgia Department of Corrections, housed at Jackson State Diagnostic Prison, presumably he means Georgia Diagnostic and Classification Prison, in Jackson, Georgia. ECF 10 ¶ 4. Alls was assigned to Cell House F, a housing unit known to correctional staff and the administration to house violent gang members. *Id.* ¶ 10. Cell House F had a history of violence, including stabbings, assaults with weapons, and gang activity. *Id.* ¶ 11.

On the morning of October 13, 2023, Alls told two correctional officers that he feared his safety was at risk in Cell House F and that he feared for his life. *Id.* ¶¶ 12, 13. The officers told Alls to report to the classification office, so Alls and another inmate proceeded there. *Id.* ¶¶ 14, 15. Defendant, Captain Jackson, stopped the two inmates on their way. *Id.* ¶ 16. Alls told Captain Jackson that he believed his life was at risk in Cell House F and that other officers had directed him to go to the classification office for reclassification and removal from Cell House F. *Id.* ¶ 17. Captain Jackson did not allow

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

Alls to proceed to the classification office, however. *Id.* ¶ 18. She instead told Alls that he could either go back to Cell House F and fight the inmates there or fight her. *Id.* The inmate accompanying Alls then fought Captain Jackson. *Id.* ¶ 20. Captain Jackson called for backup. *Id.* ¶ 21. Multiple correctional officers responded and forcefully restrained the accompanying inmate, who was then transported to Cell House B. *Id.* ¶¶ 22, 23. Then Captain Jackson ordered the officers to escort Alls back to Cell House F. *Id.* ¶ 24.

Approximately two days after being returned to Cell House F, multiple gang members attacked Alls. *Id.* ¶¶ 28, 29. They stabbed Alls multiple times with sharp instruments and struck him across the head with a metal pipe, causing serious head trauma. *Id.* ¶¶ 30, 31. The attack was prolonged and severe, and Alls sustained multiple stab wounds to his body and a punctured right lung. *Id.* ¶ 32. Although correctional officers were on duty and assigned to Cell House F, several hours elapsed before the Correctional Emergency Response Team ("CERT") deployed to rescue Alls. *Id.* ¶¶ 33, 34. Meanwhile, Alls lay bleeding and struggling to breathe through his punctured lung. *Id.* ¶ 36. Eventually, Alls was transported to the nursing office for a medical evaluation and placed in a transport van for hospital care. *Id.* ¶¶ 39, 45.

Rather than taking Alls directly to the hospital that would treat his injuries, however, the transporting officers went first to a different hospital to pick up another inmate who was being released. *Id.* ¶¶ 45, 46. Alls lay in the back of the transport van for hours, fighting for breath. *Id.* ¶ 47. During the delay, no correctional officer checked on Alls' medical condition or provided medical assistance, "despite Plaintiff's obvious respiratory distress." *Id.* ¶ 48. When Alls finally arrived at the treating hospital, hours

later, the medical staff informed him that his right lung was punctured. *Id.* ¶¶ 49, 50. Alls

was hospitalized for approximately four days due to the severity of his injuries. *Id.* ¶ 50.

## II.  DISCUSSION

### A.  Count I, Eighth Amendment Failure to Protect Claim Against Defendant Captain Jackson in her Individual Capacity

Under the Eighth Amendment, prison officials must "'take reasonable measures

to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)

(quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)); *Helling v. McKinney*, 509

U.S. 25, 31–32 (1993). To state a failure-to-protect claim, Alls must plausibly allege: (1)

a substantial risk of serious harm; (2) deliberate indifference to that risk; and (3)

causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013); *Bowen v.

Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016).

"The first element of an Eighth Amendment claim—a substantial risk of serious

harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307

(11th Cir. 2016). To prevail, a plaintiff must allege "conditions that were extreme and

posed an unreasonable risk of serious injury to his future health or safety." *Marbury v.

Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307).

Plaintiffs can make this showing by demonstrating either a "general threat" to inmates

based on dangerous conditions in the prison or in a particular area of the prison, or by

an individualized risk based on a "specific threat" to the prisoner. *Marbury*, 936 F.3d at

1233, 1235; *see also Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d

1313, 1320 (11th Cir. 2005).

To establish the second element—deliberate indifference—a plaintiff must

plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at

risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (citing *Farmer,* 511 U.S. at 837). The determination of whether a risk has been disregarded is objective: "[T]he [defendant] must have responded to the known risk in an unreasonable manner." *Marbury*, 936 F.3d at 1233; *Wade*, 106 F.4th at 1262. In other words, "a defendant who 'respond[s] reasonably' to a risk, even a known risk, 'cannot be found liable' under the Eighth Amendment." *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 844, 837) (internal citation omitted). To allege that "the defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Id.* (internal citation omitted).

"Finally, the plaintiff must show a 'necessary causal link' between the [defendant's] failure to act reasonably and the plaintiff's injury." *Marbury*, 936 F.3d at 1233 (quoting *Rodriguez*, 508 F.3d at 622–23). This causal connection requires that the defendant "(1) had the means substantially to improve the inmate's safety, (2) knew that the actions he undertook would be insufficient to provide the inmate with reasonable protection from violence, and (3) had other means available to him which he nevertheless disregarded." *Nelson v. Tompkins*, 89 F.4th 1289, 1298 (11th Cir. 2024) (quoting *Rodriguez*, 508 F.3d at 622).

Here, Alls' *pro se* complaint plausibly alleges an Eighth Amendment failure to protect claim against Captain Jackson. It alleges Cell House F had a history of violence, including stabbings, assaults with weapons, and gang activity and that Alls feared for his life. ECF 10 ¶¶ 10, 11, 13, 17. It also alleges Alls informed Captain Jackson of his fears and that Captain Jackson told Alls he could either fight her or fight the inmates in Cell House F, which plausibly alleges Captain Jackson subjectively knew of the danger facing Alls, a danger Captain Jackson allegedly disregarded when she ordered Alls returned to Cell House F to fight the inmates there. *Id.* ¶¶ 17, 18, 24. The complaint also plausibly alleges causation because it alleges Captain Jackson could have allowed Alls to proceed to classification, placed him in protective custody, or housed him in a safer location, but that Captain Jackson sent Alls back to Cell House F instead. *Id.* ¶ 57.

Accordingly, Alls' Eighth Amendment failure to protect claim will proceed for further development.

## B. Count II, Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim Against Defendant Captain Jackson and Unknown Transport Officers in their Individual Capacities

### 1. Fictitious Pleading

As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). The Eleventh Circuit has recognized, "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber,* 951 F.2d 1210, 1215–16 (11th Cir.1992). Plaintiffs may proceed with claims against defendants whose names are not known at the time of filing, so long as the description

provided is detailed enough to ensure proper identification and service. *Id.* Alls brings

suit against "Does 1–10," described as "Unknown Correctional Officers." ECF 10 at 1.

He alleges:

> Defendants DOES 1–10 are unknown correctional officers who were present during the incidents of October 13, 2023, and October 15, 2023, including but not limited to the two officers who were present in the gymnasium on October 13, 2023, officers who escorted Plaintiff back to Cell House F, officers on duty in Cell House F during the October 15, 2023 attack, CERT team members, medical staff, transport officers, and others whose identities will be learned through discovery. These Defendants are sued in their individual and official capacities.

*Id.* ¶ 8. This description is insufficient to ensure proper identification and service.

Consequently, Alls' suit does not fall into the limited exception permitting fictitious

pleading in federal court. In addition, Alls only associates one count with any of

the unknown defendants, his deliberate indifference to serious medical needs

claim against "Unknown Transport Officers." *Id.* at 2–3. Thus, all Doe defendants

not associated with this count are due to be dismissed.

However, because the applicable two-year statute of limitations may have run on

Alls' deliberate indifference claim, the Court will afford Alls the opportunity to identify the

unknown transport officers against whom he asserts a deliberate indifference to serious

medical needs claim. The Court will afford Alls **60 days** from the entry of this Order to

identify the unknown transport officers. There will be no extensions. If Alls identifies the

unknown transportation officers, he may amend his complaint to assert a deliberate

indifference to serious medical needs claim against them.

### 2. *Deliberate Indifference to Serious Medical Needs*

To state a claim for deliberate indifference to a serious medical need, a plaintiff

must allege: (1) "an objectively serious medical need"; (2) that "the prison official acted

with an attitude of deliberate indifference to the serious medical need"; and (3) a "necessary causal link between the challenged conduct and [the plaintiff's] injuries." *Stalley*, 124 F.4th at 1283 (citation modified); *see Wade*, 106 F.4th at 1253. For the first prong, a serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (*overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Again, to state a claim for deliberate indifference, the plaintiff must allege that the defendant (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). To allege that "the defendant acted with subjective recklessness as used in the criminal law," the plaintiff must allege "that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm." *Id.* (internal citation omitted).

The complaint alleges Alls had a serious medical need that would have obviously required a doctor's attention. Alls alleges he was stabbed multiple times and was bleeding and struggling to breathe. *Id.* ¶¶ 30–32, 36. Alls also alleges that unknown transport officers delayed transporting Alls to the hospital by taking the transport van to stop at another hospital first to pick up another inmate, leaving Alls struggling in the back of the transport van for hours without checking on him or providing medical

assistance. *Id.* ¶ 90. These allegations are sufficient to survive the Court's frivolity review as to the transport officers, should Alls identify them.

That said, the complaint does not allege that Captain Jackson was subjectively aware of Alls' injuries and disregarded them. ECF 10. It thus fails to adequately plead that Captain Jackson responded to Alls' injuries with deliberate indifference.

Accordingly, Count Two is **DISMISSED** as against Defendant Captain Jackson.

## C. Counts III, V, VII, and VIII Eighth Amendment Failure to Protect and Delayed Emergency Response; Failure to Train; Failure to Supervise Against Defendant Emmons in his Individual and Official Capacities

Alls also brings claims for failure to protect and delayed emergency response, failure to train, and failure to supervise against Defendant Emmons, the Warden at Jackson State Diagnostic Prison. ECF 10 at 7, 8, 9. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. Dekalb Cnty.*, 749 F.3d 1034, 1047 (11th Cir. 2014) (citation modified). "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." *Id*. at 1048 (citation modified). A supervisor is liable under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. at 1047. Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. at 1048. Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation modified). A plaintiff may also state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to

constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation modified). In relation to the latter causal connection, the Eleventh Circuit has held that "[a] causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1190 (11th Cir. 2011) (citing *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010)).

Here, Alls does not plausibly allege Emmons personally participated in Alls' constitutional deprivations. Again, to establish deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839). Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez*, 508 F.3d at 617 (citing *Farmer,* 511 U.S. at 837). Alls does not plausibly allege Emmons responded to a known risk of inmate-on-inmate violence with deliberate indifference. The complaint alleges Emmons "knew or should have known about the dangerous conditions in Cell House F," that "inmates who reported safety concerns were not being adequately protected," and that "the CERT team response time to violent incidents was inadequate and that inmates were being left to suffer serious injuries for hours before intervention." ECF 10 ¶¶ 59, 60, 99–101. However, the complaint does not allege Emmons had *actual*

*knowledge* that Alls was at risk of serious harm, that Emmons disregarded that risk, or that Emmons acted with subjective recklessness as used in the criminal law. *See* ECF 10.

Moreover, the complaint fails to plausibly allege a causal connection. The complaint does not allege facts showing widespread abuse putting Emmons on notice of the unconstitutional acts of his subordinates. *See id.* Nor does it allege facts showing Emmons maintained a policy or custom that resulted in multiple constitutional violations or facts supporting an inference that Emmons directed subordinates to act unlawfully or knew they would act unlawfully but failed to stop them from doing so. As best the Court can tell, Alls only points with specificity to the alleged abuses Alls alone endured, concerning Captain Jackson's failure to remove him from Cell House F and the transport officers' alleged deliberate indifference to his medical needs, which is insufficient to show a widespread pattern of abuse putting Emmons on notice of the need to take corrective action through training or additional supervision. Alls' experience alone is also insufficient to show that Emmons' custom or policy resulted in constitutional violations. *See Myrick v. Fulton County*, 69 F.4th 1277, 1299 (11th Cir. 2023) ("proving that a policy ... caused a constitutional harm would require [a plaintiff] to point to multiple incidents"); *see also Piazza v. Jefferson Cnty., Alabama*, 923 F.3d 947, 957 (11th Cir. 2019) (explaining, "[a] single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several [subordinates].").

Accordingly, Counts III, V, VII, and VIII are **DISMISSED**.

## D. Count VI, Monell Liability for Policies, Customs, and Practices Against the Georgia Department of Corrections

Alls' claim against the Georgia Department of Corrections cannot survive the Court's frivolity screening. A state's Department of Corrections is considered an arm of the state that is protected by Eleventh Amendment sovereign immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *see also Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989) ("The Eleventh Amendment bars [a plaintiff's § 1983] action against the Georgia Department of Corrections"); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (noting governmental entities that are considered "arms of the State" are immune from § 1983 suits).

Accordingly, Count VI against the Georgia Department of Corrections is **DISMISSED**.[2]

## III. CONCLUSION

Alls has **60 days** from the entry of this Order to properly identify the "unknown transport officers" and amend his complaint to assert a deliberate indifference to a serious medical need claim against them in their individual capacities. The remaining Doe defendants and Counts II, III, IV, V, VI, VII, and VIII are **DISMISSED** without prejudice.[3]

---

[2] Alls also sues Captain Jackson and Emmons in their official capacities. Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. *Will*, 491 U.S. at 71. Accordingly, Alls' claims against Emmons and Captain Jackson in their official capacities are also **DISMISSED** for this reason.

[3] Again, however, the applicable two-year statute of limitations may have run. Therefore, the dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981); *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (explaining the Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981).

Count I against Captain Jackson shall proceed for further factual development.[4]

Accordingly, it is **ORDERED** that service be made on the Defendant, Captain Jackson, by the United States Marshal Service. Alls is advised that he must serve upon opposing counsel (or the Defendant if the Defendant is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). Alls shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the Defendant or the Defendant's counsel. The Clerk of Court will not serve or forward to the Defendant or the Defendant's counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

Alls is responsible for diligently prosecuting his complaint, and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. Alls is required to keep the Clerk of Court advised of his current address during the pendency

---

[4] Alls' initial complaint brought an Eighth Amendment deliberate indifference to conditions of confinement claim against Captain Jackson. ECF 3. The amended complaint names the following defendants: Captain Jackson, Shawn Emmons, the Georgia Department of Corrections, and Does 1-10 (Unknown Correctional Officers). It also adds Counts II–VIII. This Order provides Alls the opportunity to identify the Doe defendant "unknown transport officers" listed under Count II. Moreover, Count I, Alls' Eighth Amendment failure to protect claim is proceeding against Defendant Captain Jackson. Otherwise, all additional claims and defendants are dismissed without prejudice.

of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 6th day of February, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT