**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| LEVON ALLS, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
|         **v.** | )    **CIVIL ACTION NO. 5:25-cv-461 (MTT)** |
| | ) |
| Captain **JACKSON**, in her individual | ) |
| capacity, *et al*. | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff, Levon Alls, is proceeding *in forma pauperis* ("IFP"). ECF 2. After the Court screened Plaintiff's complaint and subsequent amended complaints, the Court ordered service on Defendant Captain Jackson by the United States Marshal Service. ECF 8; 16; 21. The process receipt and return for Defendant Jackson was returned unexecuted. ECF 23. The U.S. Marshal Service was unable to locate Defendant Captain Jackson. *Id.* The Georgia Diagnostic Class Prison indicated there was no current or past Captain Jackson, that it employs more than one person with the last name Jackson, and that there are no computer incident records for Plaintiff. *Id.* The Court ordered Plaintiff to provide further service information for Defendant Captain Jackson. ECF 25. In response, Plaintiff requests additional time to provide further identifying information and an extension of the service deadline. ECF 26. Plaintiff also moves to compel the Georgia Department of Corrections ("GDC") to provide identifying information. ECF 27. Plaintiff states that he has submitted an Open Records Request seeking, among other things, personnel records "showing Captain Jackson's

assignment at Jackson Diagnostic and Classification Prison on October 13–15, 2023"[1] and seeking Captain Jackson's full name, but that he has received no response. ECF 26 at 1–2. Plaintiff also called the GDC Human Resources Department, but "has been unable to obtain the necessary information." *Id.* at 2.

### A. Motion to Extend Service Deadline

The Court screened Plaintiff's initial complaint on November 12, 2025, and directed service on Defendant Captain Jackson by the U.S. Marshals Service. ECF 8. Before service was completed, Plaintiff filed an amended complaint adding additional defendants and asserting new claims. ECF 10. Following the Court's screening of Plaintiff's amended complaint, the Court again directed service on Defendant Captain Jackson. ECF 16. The Court also provided that, should Plaintiff identify certain unknown transport officers, he could seek leave, within sixty days, to amend his complaint to assert an additional claim against them. *Id.* Plaintiff did so, filing a second amended complaint on March 26, 2026. ECF 20. The Court screened Plaintiffs' second amended complaint on April 7, 2026, and again directed service on Defendant Captain Jackson and on an additional identified transport officer, Sergeant Mitchel Montinat. ECF 21.

"When a plaintiff is proceeding IFP under section 1915, the district court must order the USMS to effectuate service upon defendants, provided that the plaintiff has made reasonable efforts to identify the defendants to be served." *Giddens v. Brooks Cnty., Georgia*, 2022 WL 836273, at *6 (11th Cir. Mar. 21, 2022) (citing *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009)). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff

---

[1] Plaintiff refers to "Jackson Diagnostic and Classification Prison," which the U.S. Marshals Service has identified as the Georgia Diagnostic Class Prison located in Jackson, Georgia. *See* ECF 23.

through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance*, 583 F.3d at 1288. In addition, even absent a showing of good cause, the Court has discretion under Rule 4(M) to extend the time for service. *Giddens*, 2022 WL 836273, at *6. "Circumstances that might warrant an extension of time include when the statute of limitations would prevent refiling or when the defendant evades service." *Id.* Here, the events giving rise to Plaintiff's § 1983 claims occurred in October 2023; thus, the applicable two-year statute of limitations may have run. *See* ECF 20 ¶¶ 20, 32, 37–38. Accordingly, the Court exercises its discretion to extend the service deadline by ninety days from the Court's review of Plaintiff's second amended complaint.

Plaintiff's motion to extend the deadline for serving Defendant Jackson (ECF 26) is **GRANTED**. The Court screened Plaintiff's second amended complaint on April 7, 2026, so the deadline for service on Defendant Captain Jackson shall be **July 6, 2026**. ECF 21.

### B. Motion to Compel

As Plaintiff is proceeding IFP, the Court will construe Plaintiff's motion to compel as a request for the issuance of a subpoena under Rule 45 of the Federal Rules of Civil Procedure. As construed, the motion (ECF 27) is **GRANTED**. The Clerk of Court is **DIRECTED** to issue a subpoena to the custodian of records at the Georgia Department of Corrections, 300 Patrol Rd., Forsyth, GA 30129, directing the production of:

> Any and all documents reflecting the full name and current or last known address of the employee, potentially known as Captain Jackson, who is alleged to have been working at the Georgia Diagnostic Class Prison on October 13, 2023, as an employee of the Georgia Department of Corrections. If Captain Jackson is not the correct name of the female

captain described in Plaintiff's attached motion to compel, the GDC will identify the correct name of the employee.

The subpoena shall be served by the United States Marshals Service, along with a copy of this Order and Plaintiff's motion to compel (ECF 27),[2] and it shall further direct the recipient to produce the above-listed information for the inspection of the Court at the United States District Court for the Middle District of Georgia, Macon Division, 475 Mulberry Street, Macon, Georgia, within **TWENTY-ONE (21) DAYS** of the date of this Order. If the only available address is Captain Jackson's home address, the Clerk of Court is directed to file that address under seal and to make it available to Court personnel only. If the recipient of the subpoena chooses to file electronically, he or she should file using the "notice" event and "ex parte document" to protect Captain Jackson's privacy.

***

Plaintiff's motion for an extension of time to effect proper service (ECF 26) is **GRANTED**. Service shall be perfected within ninety days of the Court's screening of Plaintiff's second amended complaint, no later than **July 6, 2026**.

Plaintiff's motion to compel, construed as a request for a subpoena (ECF 27), is **GRANTED**.[3]

**SO ORDERED**, this 6th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The motion to compel may assist the GDC in identifying Defendant.

[3] To the extent Plaintiff seeks to compel information beyond what is specified in this Order, the motion to compel is **DENIED**.